### BEN DANIELS v. MEDA MURRAY ET AL.

Decided June 11, 1907.

**1.—Limitation—Adverse Possession—Evidence.**

In a suit of trespass to try title, evidence considered and held sufficient to sustain defendant's plea of ten years' adverse possession begun before the death of plaintiff's ancestor.

**2.—Same—Vendor and Vendee.**

The rule that the purchaser of land upon which a vendor's lien has been retained will not be heard to say that his possession is adverse to the superior title of his vendor, has no application to an executed contract of sale.

Error from the District Court of Jefferson County. Tried below before Hon. W. H. Pope.

*Tom J. Russell,* for plaintiff in error.

*John J. O'Fiel,* for defendant in error.

PLEASANTS, ASSOCIATE JUSTICE.—This is an action of trespass to try title to a tract of 71½ acres of land, a part of the H. Wil-

liams league in Jefferson County, brought by Ben H. Daniels against Meda Murray and her husband, J. D. Murray. The suit was filed July 25, 1904. Plaintiff Ben H. Daniels died before the trial in the court below and his heirs made themselves parties and the suit was thereafter prosecuted by them, though the style of the suit was not changed.

The land in controversy is a part of a tract of 500 acres which was owned by A. K. and Mary Daniels. After the death of said A. K. and Mary Daniels this 500 acre tract was partitioned and set apart to their heirs in severalty by a decree of the District Court of Jefferson County. In this partition the tract of 711/2 acres in controversy was set apart to Ben F. Daniels, the father of the plaintiff, Ben H. Daniels. Ben F. Daniels died on January 22, 1879, leaving a widow and one child, the said Ben H. Daniels, who was an infant at the time of his father's death. After the death of Ben F. Daniels his widow, S. C. Daniels, married A. H. Lewis by whom she has two children, Roxie and Madys, both of whom are minors. Mrs. Lewis joined by her husband and her two minor children, who sue by their mother as next friend, are the present plaintiffs. The defendant Meda Murray is the widow of J. C. Daniels, who was a brother of Ben F. Daniels and participated as one of the heirs of A. K. and Mary Daniels in the partition of the 500 acre tract of land before mentioned.

The defendants answered in the court below by general demurrer, plea of not guilty and plea of limitation of ten years; and further specially pleaded in substance that J. C. Daniels, the former husband of defendant Meda Murray, purchased the land in controversy from Ben F. Daniels in 1878, paid the purchase money therefor, took immediate possession, and made permanent and valuable improvements thereon relying upon the promise of said Ben F. Daniels to execute and deliver to him a deed to said land, but that said Daniels died without having executed said deed.

By supplemental petition plaintiffs denied all of defendants' averments of a verbal sale of the land and pleaded the minority of Ben H. Daniels in answer to defendants' plea of limitation.

It is unnecessary for us to pass upon appellant's several assignments presenting the question of the sufficiency of the pleadings and evidence upon the issue of a parol sale of the land by Ben F. to J. C. Daniels. The trial court found that the defendants had title to the land by limitation, and we think there is sufficient evidence to sustain this finding.

There is ample evidence to sustain the finding that J. C. Daniels held the land adversely, claiming it as his own under a parol purchase from Ben F. Daniels and that this adverse possession by him and the defendants in this suit claiming under him, has continued from its commencement to the present time. The only question presented by the record upon the issue of limitation is the sufficiency of the evidence to sustain the finding that the possession of J. C. Daniels began prior to the death of Ben F. Daniels. Unless such finding can be sustained defendants' plea of limitation was not established, because Ben H. Daniels was an infant at

the time of his father's death and reached his majority less than ten years before this suit was filed.

Upon this issue W. A. Langham testified, in substance, that he knew J. C. Daniels in his life time and that said Daniels was living on the old home place of A. K. and Mary Daniels in 1878 and was claiming at that time that he owned the land in controversy and that he had purchased it from his brother Ben F. Daniels.

T. H. Langham testified that he was tax collector for Jefferson County from 1878 to 1900 and that he knew J. C. Daniels; that said Daniels lived on the old A. K. Daniels place from 1878 or 1879 to the time of his death; that he built a house on the land in controversy about the time he claimed to have bought it and lived there until his death; that he paid taxes on all of the old A. K. Daniels place from the time he moved there until his death.

Ralph Horton testified that he knew J. C. Daniels and that in 1878, he thinks in fall of that year, he assisted said Daniels to pen some horses which he, Daniels, told him were to be delivered to his brother, Ben F. Daniels, in exchange for the land in controversy. This witness did not see Ben F. Daniels and did not know of his own knowledge whether the horses were in fact delivered to him.

The defendant Meda Murray has lived on the place continuously, claiming it as her own, since the death of her first husband, J. C. Daniels, which occurred in 1894.

There is nothing in the record to contradict this testimony and we think it is sufficient to sustain the finding of the trial court that the adverse possession of defendants commenced prior to the death of Ben F. Daniels, which, as before stated, occurred on January 22, 1879.

The authorities cited by appellant holding that a purchaser of land upon which a vendor's lien has been retained will not, while the purchase money remains unpaid and he is claiming under such title, be heard to say that his possession is adverse to the superior title of his vendor, have no application to this case. J. C. Daniels was not claiming under an executory but an executed contract of sale under which the purchase price of the land had been fully paid.

We think the judgment of the court below should be affirmed and it is so ordered.

*Affirmed.*

Writ of error refused.